ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 05 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| ISGN CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>STERLING TECHNOLOGY SOLUTIONS, LLC, a Florida corporation, and RONALD MORGAN, individually,<br><br>    Defendants. | Civil Action No.<br><br>**1:10-CV-0019**<br><br>[JURY TRIAL DEMANDED] |



## COMPLAINT

Plaintiff ISGN Corporation ("ISGN"), files this Complaint against Defendant Sterling Technology Solutions, LLC ("Sterling") and Defendant Ronald Morgan ("Morgan"; collectively, "Defendants"), stating as follows:

### NATURE OF THE ACTION

1.

Morgan is a former employee of ISGN, a software company. After leaving ISGN, Morgan founded Sterling, also a software company. Together, Morgan and Sterling have maliciously and intentionally acted to steal, copy, and make unauthorized use of ISGN's proprietary information, including ISGN's trade

1

secrets, copyrighted software, technical documentation, and related materials (collectively, "ISGN Proprietary Information"), and to falsely advertise the ISGN Proprietary Information as their own.  Additionally, through their unlawful conduct, Morgan has breached contractual employment agreements with ISGN and Sterling has breached a software license agreement with ISGN.  Defendants Morgan and Sterling have also improperly acted to unfairly obtain ISGN's potential and existing contractual customer relationships for themselves.  Through this lawsuit, ISGN seeks damages and injunctive relief from Defendants' wrongful actions under federal, state, and common law.

PARTIES

2.

Plaintiff ISGN is a Pennsylvania corporation with its principal place of business at 3220 Tillman Drive, Suite 301, Bensalem, Pennsylvania 19020.  ISGN develops and provides software products and related services to the mortgage industry to support all aspects of lending.

3.

Defendant Sterling is a Florida corporation that has registered with the Georgia Secretary of State and is qualified to transact business in Georgia. Sterling may be served with process through its registered agent in Fulton County,

Georgia: Business Filings Incorporated, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361. Sterling provides default technology and home retention services. These services are designed to help homeowners who are having difficulty paying their mortgages, or are in default under their mortgages, to retain their homes.

4.

Morgan is an individual who, upon information and belief, resides at 845 Ashbrooke Court, Lake Mary, Florida 32746, and may be served with process at that address. Morgan is the President of Sterling.

<u>JURISDICTION AND VENUE</u>

5.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

6.

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that (i) ISGN is a citizen of Georgia with its principal place of business in Georgia; (ii) Sterling is a citizen of Florida with its principal place of business in Florida; (iii) Morgan is a citizen of Florida; and (iv) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.

This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because ISGN's state and common law claims against both Defendants arise out of the same case or controversy that give rise to ISGN's federal claims.

8.

Personal jurisdiction over Sterling is proper in this forum because Sterling maintains a registered agent in this forum and regularly transacts business in this forum. Personal jurisdiction over Morgan is proper in this forum under O.C.G.A. § 9-10-91 because he has transacted business in this forum and has engaged in tortious acts and injuries to ISGN in this forum.

9.

Venue is also proper in this district under 28 U.S.C. § 1391 because Sterling is subject to personal jurisdiction in this district, because this is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred, and because the license agreement between Sterling and ISGN mandates that all actions are to be brought in this judicial district.

## DEFENDANTS' WRONGFUL ACTS

10.

ISGN owns and holds full right, title, and interest in copyrighted software called FORTRACS for managing foreclosure, bankruptcy, loss mitigation, claims, and REO applications.

11.

ISGN, at all times, made reasonable efforts to maintain the secrecy of the ISGN Proprietary Information, including the copyrighted FORTRACS software code and technical documentation, by way of employee confidentiality clauses, software license agreements, and through other physical and technological confidentiality measures.  ISGN derives great economic benefit and competitive advantage by keeping this intellectual property secret from the general public.

12.

ISGN purchased FORTRACS from a company called Fair Isaac Corporation ("Fair Isaac").  Morgan was an employee of Fair Isaac at the time of the purchase and was, in part, responsible for the development of FORTRACS.

13.

Morgan later became an employee of ISGN, and at that time he executed a

New Employee Checklist, which specifically states:

> All right, title, and interest, including, without limitation, all
> copyrights and patents, in and to any material produced or inventions
> developed by me which affect or relate to the Company's business or
> affect or relate to the Company's industry shall vest in the Company
> and I shall have no personal right, title, or interest whosoever therein.

> * * * *

> I agree not to disclose any of the Company's trade secrets or other
> confidential or restricted information and not to make use of such
> trade secrets or confidential or restricted information in any fashion
> during employment or after my employment with the Company is
> terminated.

A true and correct copy of this "New Employee Checklist" is attached hereto as

Exhibit "A".

14.

Morgan also executed an Employment Agreement, which sets forth the

relevant rights and responsibilities of ISGN and Morgan.   Paragraph 5 of the

Employment Agreement is entitled "CONFIDENTIALITY" and states:

> Employee acknowledges that he/she may have access to the
> Employer's confidential and proprietary information.   Such
> confidential and proprietary information may include, without
> limitation, i) business and financial information, ii) business methods
> and practices, iii) technologies and technological strategies, iv)

marketing strategies and other such information as the Employer may designate as confidential ("Confidential Information"). Employee agrees to not disclose to any other person (unless required by law) or use for personal gain any Confidential Information at any time during or after the termination of employment, unless Employer grants express, written const of such a disclosure. In addition, Employee will use his/her best efforts to prevent any such disclosure. Confidential information will not include information that is in the public domain, unless such information falls into public domain through Employee's unauthorized actions.

A true and correct copy of the Employment Agreement is attached hereto as Exhibit "B".

15.

Morgan resigned from ISGN on September 26, 2008, and later founded Sterling. On November 13, 2008, Sterling entered into a Software License and Services Agreement ("FORTRACS License") with ISGN, whereby it licensed ten (10) copies of the copyrighted FORTRACS software from ISGN. A true and correct copy of this Software License and Services Agreement is attached hereto as Exhibit "C".

16.

The FORTRACS License granted Sterling certain rights in the licensed program and stated, in Section 1.1:

Customer may make a reasonable number of copies of the Licensed Programs solely for backup/disaster recovery purposes. Customer may not make any other copies without the prior written consent of

ISGN. All titles, trademarks, copyright and proprietary rights notices shall be reproduced in such copies. All copies of the Licensed Programs are subject to the terms of this Agreement.

17.

The FORTRACS License also lists certain restrictions and states, in Section 1.2, the following:

Except as otherwise expressly provided in this Agreement, Customer shall not: (i) reproduce, prepare derivative works based upon, distribute copies of, perform, display, make, use, or sell the Licensed programs or the Documentation except as otherwise specified in this Agreement; (ii) reverse engineer, disassemble, or decompile the Licensed Programs; (iii) use the Licensed Programs for third-party training, commercial time-sharing, out-sourcing, rental, or service bureau use, or (iv) assign, sub-license, lease, transfer, or rent the Licensed Programs.

18.

Nevertheless, upon information and belief, Defendants intentionally altered the licensed and copyrighted FORTRACS software to allow approximately thirty (30) additional, unauthorized, Sterling employees to use FORTRACS, in violation of the FORTRACS License.

19.

Sterling has also failed to pay ISGN the full license fee owed under the FORTRACS License. Sterling presently owes ISGN $34,500, along with sales tax and late fees on that amount.

20.

Because of Sterling's failure to pay, ISGN terminated the FORTRACS License. Upon information and belief, however, Sterling continues to use the FORTRACS software without authorization.

21.

Additionally, Morgan claims that he founded Sterling to develop a new loss mitigation software called OLYMPUS. Upon information and belief, however, OLYMPUS is an infringing copy of ISGN's copyrighted FORTRACS software and/or has been unlawfully developed using the ISGN Proprietary Information. Defendants falsely advertise OLYMPUS as Sterling's proprietary software.

22.

In particular, upon information and belief, the application programs used by, and the screen images produced by, the Sterling OLYMPUS software are substantially similar to, and in may cases identical to, the application programs and screen images of ISGN's copyrighted FORTRACS software.

23.

In addition, Sterling recently released and, with the help of Morgan, is marketing a new loss mitigation program called TOUCHPOINT, which Sterling states was developed by Morgan during 2007 (Morgan was an employee of ISGN

at this time). Upon information and belief, Defendants improperly utilized ISGN Proprietary Information to develop and market TOUCHPOINT. Morgan's participation in this wrongful conduct also constitutes a flagrant breach of his Employment Agreement and the New Employee Checklist.

24.

Sterling markets its infringing software on its website: www.sterlinghomeretention.com.

25.

Moreover, ISGN has learned that Defendants have maligned ISGN and have made false representations about ISGN and its products and services, in an attempt to obtain ISGN's potential and existing contractual customer relationships.

26.

Morgan has directed, ratified, participated in, and financially benefited from Sterling's illegal efforts.

## COUNT I: COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

27.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

10

28.

The FORTRACS software, including the screen images generated by the FORTRACS software, are works of authorship protected by the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and ISGN owns all right, title, and interest in the FORTRACS software.

29.

Prior to bringing this action, ISGN filed a copyright application with the United States Copyright Office for the FORTRACS software.

30.

Defendants willfully and in bad faith made unauthorized reproductions of the copyrighted FORTRACS software and used those reproductions in their business operations.

31.

Defendants willfully and in bad faith copied the FORTRACS software to generate the OLYMPUS software, which is substantially similar to and, in many cases, nearly identical to, the FORTRACS software and screen images generated by it. Defendants then marketed, sold, and distributed the infringing OLYMPUS software to others.

32.

Morgan had the right and ability to supervise Sterling's infringement, had a financial interest in this infringement, and/or directed, controlled, ratified, participated in, or was the moving force behind that activity, and is personally liable therefor.

33.

Defendants' actions constitute copyright infringement under 17 U.S.C. § 501 *et seq.*

34.

ISGN is entitled to recover any and all damages resulting from Defendants' infringement of ISGN's copyrighted FORTRACS software, as well as Defendants' profits from the infringing activity, pursuant to 17 U.S.C. § 504.

35.

ISGN is entitled to recover all costs of this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36.

Further, Defendants continued infringement of ISGN's copyrighted FORTRACS software will irreparably harm ISGN. Therefore, this Court should temporarily and permanently enjoin Defendants' copying, marketing, sale, use,

and/or distribution of any infringing software substantially similar to ISGN's copyrighted FORTRACS software, pursuant to 17 U.S.C. § 502.

37.

ISGN is also entitled to a pre-judgment seizure and impoundment of the infringing software, including its destruction, as well as any and all copies of the infringing software, pursuant to 17 U.S.C. §503(a) and §503(b).

## COUNT II: VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST ALL DEFENDANTS

38.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

39.

Defendants intentionally circumvented technological measures and altered the copyrighted FORTRACS software to allow approximately thirty (30) additional, unauthorized, Sterling employees to use FORTRACS. Defendants' actions constitute a violation of 17 U.S.C. § 1201(a).

40.

Defendants have also acted to falsify, remove and/or alter the copyright management information found in the FORTRACS software. Defendants did so with the knowledge and intent to induce, enable, facilitate, and conceal their

infringement of the FORTRACS software.   Defendants' actions constitute a violation of 17 U.S.C. § 1202.

41.

Morgan had the right and ability to supervise Sterling's infringement, had a financial interest in this infringement, and/or directed, controlled, ratified, participated in, or was the moving force behind that activity, and is personally liable therefor.

42.

Defendants' actions have resulted in severe damage to ISGN in an amount to be determined at trial or, in the alternative, in the statutory amount of $2,500 for each violation of 17 U.S.C. § 1201 and in the statutory amount of $25,000 for each violation of 17 U.S.C. § 1202, as allowed by 17 U.S.C. § 1203(c).

43.

Further, Defendants' continued infringement of the FORTRACS software will irreparably harm ISGN.   Therefore, this Court should temporarily and permanently enjoin Defendants from any further infringement in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 and 1202.

## COUNT III:  TRADE SECRET MISAPPROPRIATION
## AGAINST ALL DEFENDANTS

44.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

45.

The ISGN Proprietary Information, including the FORTRACS Software, include ISGN's protectable trade secrets.

46.

Defendants have knowingly acted to misappropriate those trade secrets, and have used those trade secrets to develop, market, and distribute Sterling's infringing OLYMPUS and TOUCHPOINT software.

47.

Morgan had the right and ability to supervise Sterling's infringement, had a financial interest in this infringement, and/or directed, controlled, ratified, participated in, or was the moving force behind that activity, and is personally liable therefor.

48.

Defendants are, therefore, in violation of both the Georgia Uniform Trade Secrets Act, O.C.G.A. § 10-1-760 *et. seq.*, and common law.

49.

Defendants' misappropriation of ISGN's trade secrets has resulted in severe damage to ISGN in an amount to be determined at trial.

50.

Further, Defendants' continued misappropriation of ISGN's trade secrets will irreparably harm ISGN.   Therefore, this Court should temporarily and permanently enjoin Defendants from any further misappropriation of ISGN's trade secrets.

## COUNT IV:  BREACH OF CONTRACT
## AGAINST MORGAN

51.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

52.

ISGN and Morgan entered into the terms identified by the New Employee Checklist and the Employment Agreement in exchange for valuable consideration. See Exhibits "A" and "B".

53.

Morgan breached the New Employee Checklist and the Employment Agreement, including, but not limited to, their confidentiality and intellectual

property obligations, by directing, ratifying, or otherwise participating in the following unlawful acts: (a) reproducing and using unauthorized copies of the FORTRACS software in Sterling's business; (b) using and copying the FORTRACS software to create the infringing OLYMPUS software; (c) taking, using, and reproducing ISGN Proprietary Information, including ISGN trade secrets, to assist Sterling in creating the TOUCHPOINT software; (d) marketing and distributing Sterling's infringing software products.

54.

Additionally, pursuant to the New Employee Checklist, the Employment Agreement, and established law, Morgan was contractually obligated to assign full right, title, and interest in the TOUCHPOINT software to ISGN, which was developed by Morgan while he was an employee of ISGN. Morgan materially breached those agreements by taking the TOUCHPOINT software with him when he left ISGN and by providing that software to Sterling.

55.

Morgan's actions also constitute a breach of his duty of good faith and fair dealing implied in his contractual employment agreements with ISGN.

56.

Morgan's breach of his agreements with ISGN has resulted in severe damage to ISGN in an amount to be determined at trial, and Morgan should be required to disgorge any profits that Morgan and/or Sterling derived from the sale or licensing of the TOUCHPOINT software.

57.

Further, Morgan's continued breach of the employment agreements will irreparably harm ISGN. Therefore, this Court should temporarily and permanently enjoin Morgan from any further and continuing breach of those agreements and order Morgan to relinquish all interest in the TOUCHPOINT software and deliver that software and any related documentation and materials to ISGN.

## COUNT V: BREACH OF FORTRACS LICENSE AGAINST STERLING

58.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

59.

At all relevant times, Sterling was bound by the terms of the FORTRACS License. See Exhibit "C".

60.

Sterling materially breached the FORTRACS License by intentionally altering the copyrighted FORTRACS software to allow approximately thirty (30) additional, unauthorized, Sterling employees to use FORTRACS.

61.

Sterling has also materially breached the FORTRACS License by failing to pay ISGN $34,500 of the full license fee owed, along with sales tax and late fees on that amount.

62.

Sterling has also materially breached the FORTRACS License by, upon information and belief, continuing to use the FORTRACS software after the License was terminated.

63.

Sterling's actions also constitute a breach of its duty of good faith and fair dealing implied in its contractual license agreement with ISGN.

64.

Sterling's breach of the FORTRACS License has resulted in severe damage to ISGN in an amount to be determined at trial, but in no event less than the

difference of the cost of a ten (10) user license and a forty (40) user license, i.e. $225,000.

65.

Further, Sterling's continued breach of the FORTRACS License will irreparably harm ISGN. Therefore, this Court should temporarily and permanently enjoin Sterling from any further and continuing breach of that agreement.

COUNT VI: CONVERSION<br>AGAINST STERLING

66.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

67.

ISGN owns full right, title, and interest in the ISGN Proprietary Information, including, but not limited to, the FORTRACS software.

68.

Sterling, upon information and belief, and as described in this Complaint, has intentionally and unlawfully taken possession of the ISGN Proprietary Information for its own use and benefit, depriving ISGN of exclusive use and enjoyment the ISGN Proprietary Information.

69.

Sterling's conduct was wrongful, unauthorized by ISGN, and unlawful.

70.

Sterling's actions constitute conversion of the ISGN Proprietary Information

and have resulted in severe damage to ISGN in an amount to be determined at trial.

71.

Further, Sterling's continued conversion will irreparably harm ISGN.

Therefore, this Court should temporarily and permanently enjoin Sterling from any

further and continuing conversion of the ISGN Proprietary Information.

## COUNT VII: TORTIOUS INTERFERENCE WITH PROSPECTIVE AND EXISTING CONTRACTUAL RELATIONS AGAINST ALL DEFENDANTS

72.

ISGN incorporates by reference each of the foregoing allegations as though

fully set forth herein.

73.

ISGN has numerous contractual agreements with its customers related to

ISGN's products and services.  ISGN also has bona fide business relationships and

opportunities with potential customers and referral sources for ISGN's products

and services.

74.

Defendants are strangers to these contractual agreements and relationships.

75.

Defendants have acted improperly, purposely, maliciously, and with an intent to injure ISGN, in marketing their infringing products and services to ISGN's existing and potential customers, as well as referral sources. Additionally, Defendants have defamed, maligned, and have made false representations about, ISGN's products and services to these customers and referral sources.

76.

Morgan had the right and ability to supervise Sterling's unlawful actions, had a financial interest in these actions, and/or directed, controlled, ratified, participated in, or was the moving force behind that activity, and is personally liable therefor.

77.

Defendants' conduct constitutes tortious interference with ISGN's contractual and business relations.

78.

Defendants' tortious acts have resulted in severe damage to ISGN in an amount to be determined at trial.

79.

Further, Defendants' continued tortious interference will irreparably harm ISGN.  Therefore, this Court should temporarily and permanently enjoin Defendants from any further and continuing tortious interference with ISGN's existing customers, potential customers, and referral sources.

## COUNT VIII: CIVIL CONSPIRACY
## AGAINST ALL DEFENDANTS

80.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

81.

Sometime in the period between 2008 and the present, Sterling and Morgan agreed to infringe upon the ISGN Proprietary Information, including the FORTRACS software.

82.

In furtherance of the conspiracy, Morgan, upon information and belief, delivered to Sterling the ISGN Proprietary Information, including a copy of the FORTRACS software, other confidential and proprietary information, and/or documentation of ISGN.

83.

Also, in furtherance of the conspiracy, Defendants collaborated to alter the licensed FORTRACS software and allow approximately thirty (30) unauthorized additional users to use the FORTRACS software for Sterling's business operations.

84.

In furthering their conspiracy, Defendants developed, marketed, and distributed the OLYMPUS and TOUCHPOINT infringing software.

85.

Defendants' purpose in engaging in this conspiracy was to harm ISGN by unfairly competing against it using the converted ISGN Proprietary Information and financially benefit from marketing and distributing Sterling's infringing software.

86.

Defendants' actions constitute the tort of civil conspiracy under Georgia law.

87.

Defendants' actions have resulted in severe damage to ISGN in an amount to be determined at trial.

88.

Allowing Defendants' conspiracy to continue will irreparably harm ISGN. Therefore, this Court should temporarily and permanently enjoin Defendants from all acts in furtherance of such conspiracy.

### COUNT IX:  UNJUST ENRICHMENT / QUANTUM MERUIT AGAINST ALL DEFENDANTS

89.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

90.

As described in this Complaint, Defendants intentionally, unlawfully, and in bad faith converted the ISGN Proprietary Information for themselves for the purpose of developing, marketing, and distributing the OLYMPUS and TOUCHPOINT software.  Defendants also improperly copied, used, and reproduced the FORTRACS software for use in Sterling's business operations.

91.

Morgan had the right and ability to supervise Sterling's unlawful actions, had a financial interest in these actions, and/or directed, controlled, ratified, participated in, or was the moving force behind that activity, and is personally liable therefor.

92.

Defendants have financially benefited from their unauthorized use of the FORTRACS software, and have received or will receive revenue and profits from their sale and licensing of the infringing OLYMPUS and TOUCHPOINT software. Any such enrichment is unjust and should, in equity and good conscience, be returned to ISGN.

## COUNT X: EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11 AGAINST ALL DEFENDANTS

93.

ISGN incorporates by reference each of the foregoing allegations as though fully set forth herein.

94.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused ISGN unnecessary trouble and expense.

95.

Hence, under O.C.G.A. § 13-6-11, ISGN should be awarded its litigation expenses in this action, including all costs of this action and reasonable attorneys' fees incurred.

## JURY DEMAND

ISGN hereby demands a trial by jury on all issues set forth in the Complaint which may be tried before a jury.

## PRAYER FOR RELIEF

ISGN respectfully requests an Order from the Court that provides for the following relief:

A.    Judgment in favor of ISGN and against Defendants on all counts of the Complaint;

B.    ISGN be awarded all actual, compensatory, and foreseeable and consequential damages, in the amount proven at trial;

C.    An accounting of Defendants' financial records, including Sterling's corporate books, to determine the extent to which Defendants have profited from their unlawful acts, awarding ISGN a disgorgement of those profits;

D.    All costs of this action be cast upon Defendants;

E.    ISGN be awarded augmented, exemplary, and punitive damages to the extent allowed by law against both Defendants in view of their willful, wanton, outrageous, and malicious misconduct;

F.   ISGN be awarded the reasonable attorneys' fees that it incurred in maintaining this civil action, as allowed by 17 U.S.C. §§ 505 and 1203(b)(5), O.C.G.A. § 10-1-760 *et seq.*, and O.C.G.A. § 13-6-11;

G.   Pre- and post-judgment interest at the legally allowable rate; and

H.   All such other and further relief as this Court deems just and appropriate.

Respectfully submitted, this 5TH day of _____, 2010.

ARNALL GOLDEN GREGORY LLP

_____
Stephen M. Dorvee | GA Bar No. 226989
Richard A. Mitchell | GA Bar No. 513419
Anuj Desai | GA Bar No. 193889

171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
404.873.8500 [TEL]
404.873.8501 [FAX]
stephen.dorvee@agg.com

*Attorneys for Plaintiff ISGN Corporation*

*To be admitted pro hac vice*

SALTZ MATKOV P.C.

Albert M. Saltz | ID No. 52931
Matthew D. Matkov | ID No. 93661

993 Old Eagle School Road
Suite 412
Wayne, Pennsylvania 19087
610.964.3333 [TEL]
610.964.3334 [FAX]
mmatkov@saltzmatkov.com

2704614v2                                    28